IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HAROLD D. ADAIR,
    Plaintiff,

vs.                                Case No. 3:07cv425/MCR/EMT

OKALOOSA COUNTY JAIL,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 15).

       Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp. v. Twombly, No. 05-1126, 2007 WL 1461066, at *10–*11, *14 (May 21, 2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the

line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that it appears beyond doubt that Plaintiff has failed to state a plausible claim to relief; therefore, dismissal of this action is warranted.

Plaintiff, an inmate of the Okaloosa County Jail (Jail) names the Jail as the sole Defendant in this action (Doc. 1 at 1). Plaintiff states he was walking downstairs to get his food tray, and when an unidentified correctional officer saw him, the officer closed the door in Plaintiff's face (*id*. at 5). Plaintiff shook the door to notify the officer that he was attempting to get his tray, and the officer put the tray outside by the door (*id*.). The officer then went to the tower and observed Plaintiff standing near the door waiting to get his tray (*id*.). Plaintiff does not allege that the officer's conduct violated his constitutional or federal rights, but he seeks monetary relief (*see id.* at 7).

Prison officials have a duty, in light of the Eighth Amendment's prohibition against cruel and unusual punishment, to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To determine whether an inmate's Eighth Amendment rights were violated by a deprivation, courts must examine the alleged violation both objectively and subjectively. *See id.* 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* (quotation omitted). Second, the mental state of the prison official must have been "one of deliberate indifference to inmate health or safety." *Id.* (quotation omitted).

Withholding of food does not *per se* constitute an objectively serious deprivation in violation of the Constitution. Reed v. McBride, 178 F.3d 849, 853 (7th Cir. 1999). The circumstances, nature, and duration of a deprivation of life's necessities must be considered in determining whether a constitutional violation has occurred. "In general, the severity and duration of deprivations necessary to state a constitutional violation are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations of shelter, food, drinking water, and sanitation' may meet the standard despite a shorter duration." Deapain v. Uphoff, 264 F.3d 965, 974, (10th Cir. 2001) (quoting Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 1999)); *see also* Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994). Some courts that have considered factually similar situations have indicated that such deprivations are not of a constitutional magnitude. *See, e.g.,* Gardner v. Beale, 780 F.Supp. 1073

(E.D.Va. 1991), *aff'd* 998 F.2d 1008 (4th Cir. 1993) (providing prisoner with only two meals per day, with an 18-hour interval between dinner and brunch, did not satisfy objective component of Eighth Amendment standard); Green v. Ferrell, 801 F.2d 765, 770–71 (5th Cir. 1986) (even on a regular, permanent basis, two meals a day may be adequate); *see also* Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (finding it "doubtful" that prisoner missing fifty meals in five months "was denied anything close to a minimal measure of life's necessities," and commenting that "[m]issing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period."); Berry v. Brady, 192 F.3d 504, 506–08 (5th Cir. 1999) (finding that denying an inmate eight meals over seven months because of the inmate's failure to shave did not meet the objective component, and noting that the prisoner had not alleged any specific physical harm, nor had he claimed that he lost weight or suffered other adverse physical effects or had his health put at risk); Bennett v. Misner, No. 02-1662-HA, 2004 WL 2091473 (D. Or. Sept. 17, 2004) (unpublished opinion) (concluding that inmates failed to state an Eighth Amendment violation where they "neither alleged nor provided evidence to establish that they suffered significant injury or illness—such as specific, repeated instances of food poisoning or malnutrition—directly resulting from their exposure to unsafe or unsanitary kitchen conditions").

Moreover, courts that have found constitutional violations when inmates were deprived of food have done so only when presented with more serious violations. *See e.g.,* Simmons v. Cook, 154 F.3d 805, 809 (8th Cir. 1998) (denying prisoners four consecutive meals over two days violated the objective component of the Farmer test); Cooper v. Sheriff of Lubbock County, 929 F.2d 1078 (5th Cir. 1991) (failure to feed prisoner any food for twelve consecutive days unconstitutional); Dearman v. Woodson, 429 F.2d 1288, 1289 (10th Cir. 1970) (prisoner who was deprived of food for 50+ hours had a viable Eighth Amendment claim); Strope v. Sebelius, No. 06-3144, 2006 WL 2045840 (10th Cir. July 24, 2006) (unpublished opinion) (reversing district court's dismissal of Eighth Amendment deprivation of food claim for failure to state a claim, where prisoner alleged that on multiple occasions between March 2005 and June 2005 his meals were unacceptable; that a "sour'd" turkey sandwich made him sick to his stomach with severe cramps until the following morning; that the salads and oranges were routinely spoiled; that on one occasion the meal was "burnt beyond recognition"; that these were examples of an "everyday and on-going" practice of the

prison; and that the prison "routinely" served spoiled food to prisoners); Lunney v. Brureton, No. 04-Civ.-2438-LAK-GWG, 2005 WL 121720 at *6 (S.D.N.Y. Jan. 21, 2005) (Report and Recommendation) (finding inmate's allegation that his meals were regularly spoiled and/or improperly prepared on "numerous occasions"; thus, eating the meals caused him to get sick and not eating them caused him to suffer the effects of malnutrition, were sufficient to satisfy the Eighth Amendment's objective component), *adopted*, 2005 WL 433285 (S.D.N.Y. Feb. 23, 2005).

In the instant case, Plaintiff states that he was deprived of one meal.  Under no set of facts can the denial of one meal constitute a significant deprivation.  Furthermore, there is no indication that Plaintiff suffered any adverse physical effects or that his health was jeopardized as a result of the single deprivation.  Therefore, he cannot satisfy the Eighth Amendment standard.  Because the facts alleged by Plaintiff failed to state a plausible claim for relief, this action should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

1.	That Plaintiff's claim against Defendant be **DISMISSED with prejudice** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.	That this action be **DISMISSED** and the clerk be directed to close the file.

At Pensacola, Florida, this 14th day of January 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No: 3:07cv425/MCR/EMT